Case Number: 2017CV06902

2017CV06902  S00003

**VICTORIA RENTAS GUTIERREZ**
**VS.**
**JARRED TATE ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE COUNTY COURT
AT LAW NO. 10
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

SA-18-CV-00097

**EXHIBIT 1**

Directed To: JARRED TATE
                    7825 ETIENNE DR
                    CORPUS CHRISTI, TX 78414-6011

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 4th day of December, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 9TH DAY OF JANUARY, A.D., 2018.

JAMES V MAZUCA
ATTORNEY FOR PLAINTIFF
430 W HILDEBRAND AVE
SAN ANTONIO, TX 78212-2108



GERARD RICKHOFF
County Clerk of Bexar County, Texas
Bexar County Courthouse
100 Dolorosa Suite 104
San Antonio, Texas 78205

By: *Aurora Bayardo*, Deputy

---

VICTORIA RENTAS GUTIERREZ
VS
JARRED TATE ET AL

**Officer's Return**

Case Number: 2017CV06902
Court: County Court at Law No. 10

I received this CITATION on the_____ day of_____ 20_____ at _____o'clock ___M and ( ) executed it by delivering a copy of the CITATION on the date of delivery endorsed and to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M at _____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DKC001)

## 2017CV06902

E-FILED
Bexar County, County Clerk
Gerard Rickhoff
Accepted Date: [12/6/2017 10:57 AM
Accepted By: NOEMI LONGORIA
Deputy Clerk    /s/ NOEMI LONGORIA

| | | |
|---|---|---|
| VICTORIA RENTAS GUTIERREZ | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NO. CC# 10 |
| | § | |
| JARRED TATE and SIGNATURE | § | |
| FLIGHT SUPPORT CORPORATION | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **VICTORIA RENTAS GUTIERREZ**, hereinafter referred to as Plaintiff, and files this pleading, complaining of **JARRED TATE AND SIGNATURE FLIGHT SUPPORT CORPORATION** referred to as Defendants and for cause of action would respectfully show unto the Court the following:

### I.
### (DISCOVERY LEVEL)

Pursuant to Tex. R. Civ.P. Rule 47, Plaintiff hereby seeks monetary relief over $100,000.00 but not more than $200,000.00. This statement is made for purposes of meeting the requirement of Rule 47 and not for argument to the jury. The monetary relief actually, awarded will ultimately determined by the jury.

Pursuant to Rule 190.1, Plaintiff hereby elects to pursue this case as a Level III case.

### II.
### (PARTIES)

Plaintiff is a resident of San Antonio, Bexar County, Texas.

Defendant, **JARRED TATE** is an individual who can be served with process at **4821 WARTBUG CT. LAS VEGAS NEVADA 89131-2795**.

LIT.MMV.RENTAS.VICTORIA.PETITION.MVA      1

Defendant, **SIGNATURE FLIGHT SUPPORT CORPORATION**, is a duly incorporated company, authorized to do business in and doing business in the State of Texas.  Defendant may be served with citation by certified mail, return receipt requested, by serving its agent for service of process, **CT CORPORATION SYSTEM 1999 BRYAN STREET, STE. 900, DALLAS, TEXAS 75201.**

### III.
#### (VENUE)

Venue of this lawsuit is proper in San Antonio, Bexar County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE, CHAPTER 15 in that the incident giving rise to this cause of action occurred in Bexar County, Texas.

### IV.
#### (FACTS)

On September 16, 2016, in San Antonio, Bexar County, Texas, Plaintiff, Victoria Rentas Gutierrez was driving a motor vehicle in the city of San Antonio, Bexar County, Texas. The vehicle she was occupying was suddenly and without warning struck by the vehicle being driven by Jarred Tate. Jarred Tate was in the course and scope of his employment with Signature Flight Support Corporation, as such, Signature Support Corporation, is liable for the acts of their employee/agent. Plaintiff would show the Court that the negligent conduct of Jarred Tate and Signature Flight Support Corporation, was a direct and proximate cause of the occurrence described above, and of the bodily injuries and damages sustained

by Plaintiff, as described hereinbelow.

**V.**
**(NEGLIGENCE)**

On the occasion in question, Jarred Tate operated an automobile in a negligent manner and violated the duty which he owed Plaintiff to exercise ordinary care in the operation of said motor vehicle in at least the following particulars:

1.   In operating his vehicle at a speed greater than is reasonable and prudent under the circumstances then existing in violation of the Texas Transportation Code Ann. Sec.545.351 (Maximum Speed Requirements) sections (a), (b)(1)and (2) and (c)(3) and (5)and 545.352(Prima Facie Speed Limits);

2.   In driving a vehicle in willful or wanton disregard for the safety of persons, in violation of the Texas Transportation Code Ann. Sec. 545.401(Reckless Driving);

3.   In turning his vehicle when and in a manner that was unsafe in violation of Texas Transportation Code. Sec. 545.103.

4.   In failing to yield the right of way at an intersection in violation of Texas Transportation code Ann. Sec. 544. 010, (Stop Signs and Yield Signs) and Sec. 545.154 (Right of Way), Texas Revised Civil Statutes Annotated which constitutes negligence per se.

5.   In failing to turn properly at an intersection in violation of Texas Transportation code Sec. 545.101(Turning at Intersection).

6.   In failing to abide by a stop or yield sign in violation of Texas Transportation code Sec. 545.153 (Vehicle Entering Stop or Yield Intersection).

7.   In failing to obey the instructions of a traffic control device, in violation of the Texas Transportation code ann. Sec. 544.004;

8.   In failing to turn his vehicle in another direction to avoid an impending collision, as would have been done by a reasonably person exercising a reasonable degree of prudence under the same or similar circumstances

LIT.MMV.RENTAS.VICTORIA.PETITION.MVA     3

9.  In failing to keep the vehicle he was driving under proper control, as would have been done by a very cautious person exercising a high degree of prudence under the same or similar circumstances;

10. In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a very cautious person exercising a high degree of prudence under the same or similar circumstances;

11. In failing to timely and properly apply his brakes, as would have been done by a very cautious person exercising a high degree of prudence under the same or similar circumstances; and

12. In demonstrating driver inattention;

Each of the above acts or omissions, singularly or in combination with each other, constituted negligence, and negligence per se, which proximately and directly caused Plaintiff's injuries and damages.

## VI.
### (RESPONDENT SUPERIOR)

Defendant, Signature Flight Support Corporation, is liable for the torts committed by its employees during the course and scope of their employment. Specifically, Defendant's employees, acting within the course and scope of their employment (and in furtherance of Defendant's business), had a general duty to exercise the highest degree of care in performing work as a common carrier. Defendant's employees, acting within the course and scope of their employment (and in furtherance of Defendant's business), also had a general duty to exercise reasonable care in performing their work. Such employees, however, failed to exercise the requisite

standard of care under his circumstances. As a result Defendant is liable for the injuries suffered by Plaintiff.

### VII.
### (DAMAGES)

Plaintiff, Victoria Rentas Gutierrez alleges that as a direct and proximate result of the conduct and/or omission on the part of the Defendants, Plaintiff is entitled to recover at least the following legal damages:

1.  Past necessary and reasonable medical, hospital, and pharmaceutical expenses;

2.  Future necessary and reasonable medical, hospital, and pharmaceutical expenses, which in all probability will be incurred;

3.  Physical pain and suffering and mental anguish in the past;

4.  Physical pain and suffering and mental anguish which, in all reasonable probability, will be suffered in the future;

5.  Physical impairment in the past;

6.  Physical impairment which, in all reasonable probability, will be suffered in the future;

7.  Lost wages in the past;

8.  Loss of earning capacity in the future;

9.  Disfigurement in the past; and,

10. Disfigurement in the future and;

Based upon the foregoing, the Plaintiff has incurred damages in an amount as stated herein.

## VIII.
### (PREEXISTING CONDITION)

Alternatively, if it is shown that Plaintiff, prior to the occurrence had pre-existing medical, physical and/or psychological conditions, she has sustained aggravation of such pre-existing medical, physical and/or psychological conditions. More particularly, if the evidence demonstrates that prior to the occurrence in question Plaintiff, has pre-existing conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating. The occurrence and conduct of Defendant, by and through its agents, employees, and vice-principals, has aggravated and accelerated such conditions and/or made Plaintiff more vulnerable or predisposed to subsequent injury and to the effects of subsequent stressors and injuries. Further, as a consequence of Plaintiff's, injuries caused by Defendant conduct, Plaintiff, has been made more vulnerable and pre-disposed to subsequent further injury, aggravation of the injures resulting from the occurrence in question, and to the effects of subsequent stressors. She also has sustained additional mental anguish because of this increased vulnerability, which in reasonable probability she will experience for the remainder of her life.

## IX.
### (SUBSEQUENT CONDITION)

Pleading further, if it be shown that if Plaintiff suffered from any subsequent injury, disease and/or condition at the time of

LIT.MMV.RENTAS.VICTORIA.PETITION.MVA        6

the incident made the basis of this lawsuit, that such injury, disease and/or condition was aggravated and/or exacerbated by the aforementioned collision.

## X.
### (DISCLOSURE)

Pursuant to the Texas Civil Rules of Procedure 194, Plaintiff hereby makes demand for disclosure.

Plaintiff request disclosure of all documents, electronic information, and tangible items that the Defendant has in its possession, custody, or control and my be used to support its claim or defenses.

Plaintiff hereby requests that you maintain and not remove or delete any and all writings, messages, tests, electronic mail, instant messages, pictures or other information that in any way references or depicts the subject incident which are or have been posted on the websites of MySpace, Facebook, Twitter, or any other social network.

## XI.
### (INTERROGATORIES, REQUESTS FOR PRODUCTION AND, REQUESTS FOR ADMISSIONS TO SIGNATURE FLIGHT SUPPORT CORPORATION)

NOW COMES the undersigned Plaintiff in the above styled and numbered cause, and files these First Set of Interrogatories, Requests for Production and Requests for Admissions, pursuant to the Texas Rules of Civil Procedure.

Pursuant to Rule 196.1 of the Texas Rules of Civil Procedure, Plaintiff serves this Request for Production upon Defendants.

Defendants are requested to respond fully, in writing, as required by Rule 196.3. The documents requested are to be produced at the offices of the Plaintiff's attorney at 430 W. Hildebrand Ave., San Antonio, Texas 78212.

Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that the documents produced will be used in the trial and in any pretrial proceedings in this case.

**DEFINITIONS**

Document as used herein is defined under TEX.R.CIV.P. 192.3(b).

Please be advised that the following Interrogatories must be answered separately and fully in writing, by you, and under oath within thirty (30) days of receipt hereof, unless they were served with the citation, then the response shall be due fifty (50) days from receipt of the citation.  In answering these interrogatories, please furnish all information available to you and any other person acting on your behalf.  Such interrogatories are considered as continuing, and you are requested to provide by way of supplemental answers hereto any additional information that you or any of the persons acting on your behalf hereafter obtain which will augment or otherwise modify your answers below.   Such supplemental answers are to be served upon the undersigned upon receipt of such additional information.  Plaintiffs also advises that any and all interrogatories, answers, and supplemental

information may be offered in evidence at the trial of this lawsuit.

The Plaintiff, in order to simplify the issues for the consideration of the Court and the jury, makes the following request for admissions of facts under the Texas Rules of Civil Procedure, and demands that, within thirty (30) days after the service of these requests, unless they were served with the citation, then the response shall be due fifty (50) days from receipt of the citation, Defendants or its attorney admit under oath or deny under oath the following facts, and demands that each fact set forth be specifically admitted or denied. The Defendant is here advised that a failure to specifically answer any request will be taken as an admission of the truth of the request.

Interrogatories, Requests for Disclosure, Requests for Production and Requests for Admissions are as follows:

## I N T E R R O G A T O R I E S

**INTERROGATORY NO. 1:**    State your full legal name, address, including street address, apartment number (if applicable), city, state, zip code, date of birth, email address, any other names you have used in the past and who has helped you answer this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 2:**   State how the INCIDENT occurred, giving the speed, direction, and location of each vehicle involved:

(a)   just before the INCIDENT;
(b)   at the time of the INCIDENT; and
(c)   just after the INCIDENT.

LIT.MMV.RENTAS.VICTORIA.PETITION.MVA       9

**ANSWER:**

**INTERROGATORY NO. 3:**   Please state completely and fully all representations, statements, declarations or admissions made by the Plaintiff or any agents, servants or employees of the Plaintiff which you maintain are relevant to this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 4:**  Does the Defendant contend that the damages made the basis of Plaintiff's claim are caused by any preexisting or subsequent disease, injury or bodily condition or any combination thereof?  If yes, state fully each condition and the approximate date or dates such condition first occurred and the cause thereof.

**ANSWER:**

**INTERROGATORY NO. 5:**  Please state if you have been advised that your insurance company is denying coverage, asserting an exclusion in your policy, denying you representation, or defending this case conditionally or on reservation of rights.  If yes, please explain in detail.

**ANSWER:**

**INTERROGATORY NO. 6:**  Please state the date you received written notice of Plaintiff's claim.

**ANSWER:**

**INTERROGATORY NO. 7:**  If this Defendant contends that there was any comparative responsibility on the part of the Plaintiff, please describe such.

**ANSWER:**

**INTERROGATORY NO. 8:** Pursuant to Rule 609(f) of the Texas Rules of Civil Evidence, if you intend to use evidence of any conviction at the trial of this case against any party or witness, please state the name, address and telephone number of the party or witness

against whom you intend to use the evidence of a conviction and then please generally state the offense committed, the disposition of the offense, the county in which the offense occurred and general description of the punishment.

**ANSWER:**

**INTERROGATORY NO. 9:**  Please identify your trial witnesses.

**ANSWER:**

**INTERROGATORY NO. 10:**    Indicate, with respect to any expert designated by this party, whether you intend to challenge the expert's qualifications or the validity of the expert's opinions pursuant to the holdings of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), E.I. du Pont Nemours v. Robinson, 923 S. W. 2d 549 (Tex. 1996), Gammill v. Jack Williams Chevrolet, Inc., 972 S.W. 2d 713 (Tex. 1998) or Tex. R. Evid. 702. As part of your answer state the legal, factual and/or scientific basis of the challenge.

**ANSWER:**

**INTERROGATORY NO. 11:**    Please explain to the Judge and jury why the vehicle Jarred Tate was operating struck Plaintiff's vehicle on September 16, 2016.

**ANSWER:**

**INTERROGATORY NO. 12:**    Please explain to the Judge and the jury what Jarred Tate told you about how the collision in question occurred?

**ANSWER:**

**INTERROGATORY NO.13:** Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a)   state the number of the request;
(b)   state all facts upon which you base your response;
(c)   state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
(d)   IDENTIFY ALL DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

**ANSWER:**


**INTERROGATORY NO.14:** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a)   state all facts upon which you base the denial or special or affirmative defense;
(b)   state the names, **ADDRESSES**, and telephone numbers of all PERSONS who have knowledge of those facts; and
(c)   identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENTS**.

**ANSWER:**


**INTERROGATORY NO.15:** Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each PERSON:

(a)   state the name, **ADDRESS**, and telephone number of the **PERSON;**
(b)   state all facts upon which you base your contention;
(c)   state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge o the facts; and
(d)   identify all **DOCUMENTS** and other tangible things that support your contention and state name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**ANSWER:**

**INTERROGATORY NO.16:** Do you contend that plaintiff was not injured in the INCIDENTS? If so:

(a)   state all facts upon which you base your contention:
(b)   state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge o the facts; and
(c)   identify all DOCUMENTS and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**ANSWER:**

**INTERROGATORY NO.17:** Do you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a)   identify each cost;
(b)   state all facts upon which you base your contention;
(C)   state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)   identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**ANSWER:**

**INTERROGATORY NO. 18:** Identify by name address and phone number, all persons or entities, including but not limited to all potential Responsible Third Parties, that my be liable to the Plaintiff for satisfying a judgment as the result of the incident which makes the basis of this case.

**ANSWER:**

LIT.MMV.RENTAS.VICTORIA.PETITION.MVA      13

_____

**STATE OF TEXAS**       §
                         §
**COUNTY OF BEXAR**      §

BEFORE ME, the undersigned authority, on this day personally appeared _____, who being by me duly sworn upon oath stated that he/she is the person in the above-styled and numbered cause, that he/she has read the foregoing and knows the contents thereof, and that the same is true and correct to the best of his/her knowledge.

SWORN TO AND SUBSCRIBED BEFORE ME, on this the _____ day of _____, 2017.

_____
**NOTARY PUBLIC, STATE OF TEXAS**

## A D M I S S I O N S

**REQUEST FOR ADMISSION NO. 1:**  Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that all proper, necessary, permissible and indispensable parties have been joined in this cause?

**ANSWER:**


**REQUEST FOR ADMISSION NO 2:**  Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that all parties in this cause have been correctly named?

**ANSWER:**


**REQUEST FOR ADMISSION NO 3:**  Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that Jarred Tate was in the course and scope of his employment with you, when the collision in question occurred on September 16, 2016?

**ANSWER:**


**REQUEST FOR ADMISSION NO. 4:**  Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that Jarred Tates' negligence was the cause of the collision in question on September 16, 2016?

**ANSWER:**


**REQUEST FOR ADMISSION NO. 5:**  Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that Jarred Tates' failure to keep a proper lookout while operating a motor vehicle was the cause of the collision on September 16, 2016?

**ANSWER:**

**REQUEST FOR ADMISSION NO. 6:**  Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that Jarred Tate failed to control his speed on September 16, 2016 when the collision occurred?

**ANSWER:**


**REQUEST FOR ADMISSION NO. 7:**  Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that Jarred Tate failed to keep the vehicle he was occupying under proper control on September 16, 2016 when the collision occurred?

**ANSWER:**


**REQUEST FOR ADMISSION NO. 8:**  Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that Jarred Tates' driver inattention was the cause of the collision on September 16, 2016?

**ANSWER:**


**REQUEST FOR ADMISSION NO. 9:**  Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that Jarred Tate was not administered a breath test for intoxication on September 16, 2016 after the collision in question?

**ANSWER:**


**REQUEST FOR ADMISSION NO. 10:**  Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that a blood specimen of Jarred Tate was not drawn for impairment on July 13, 2016 after the collision in question?

**ANSWER:**


**REQUEST FOR ADMISSION NO. 11:**  Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4 that Signature Flight Support Corporation was negligent by and through their employee Jarred Tate, in allowing

LIT.MMV.RENTAS.VICTORIA.PETITION.MVA    16

the vehicle, Jarred Tate was occupying to strike the Plaintiff's
vehicle on September 16, 2016?

**ANSWER:**


**REQUEST FOR ADMISSION NO 12:**  Do you admit to the Judge and the
jury, under penalty of a re-allocation of expenses under Tex. R.
Civ. P. 215.4, that Signature Flight Support Corporation's
negligence by and through their employee Jarred Tate, was the cause
of Plaintiff's, Victoria Rentas Gutierrez, neck injury on September
16, 2016?

**ANSWER:**


**REQUEST FOR ADMISSION NO 13:**  Do you admit to the Judge and the
jury, under penalty of a re-allocation of expenses under Tex. R.
Civ. P. 215.4, that Signature Flight Support Corporation's
negligence by and through their employee Jarred Tate, was the cause
of Plaintiff's, Victoria Rentas Gutierrez, back injury on September
16, 2016?

**ANSWER:**


**REQUEST FOR ADMISSION NO 14:**  Do you admit to the Judge and the
jury, under penalty of a re-allocation of expenses under Tex. R.
Civ. P. 215.4, that Signature Flight Support Corporation's
negligence by and through their employee, Jarred Tate, was the
cause of Plaintiff's, Victoria Rentas Gutierrez, injuries on
September 16, 2016?

**ANSWER:**


**REQUEST FOR ADMISSION NO 15:**  Do you admit to the Judge and the
jury, under penalty of a re-allocation of expenses under Tex. R.
Civ. P. 215.4 that Jarred Tate's negligence was the proximate cause
of the collision on September 16, 2016?

**ANSWER:**

**REQUEST FOR ADMISSION NO 16:**  Do you admit to the Judge and the jury, , under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4 that the vehicle the Defendant, Jarred Tate was driving on September 16, 2016 struck the left front panel of Plaintiff's vehicle?

**ANSWER:**


**REQUEST FOR ADMISSION NO 17:**  Do you admit to the Judge and the jury, , under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4 that Signature Flight Support Corporation received a call from Jarred Tate, while in the course and scope of his employment with Signature Flight Support Corporation to report that he was involved in a collision on September 16, 2016?

**ANSWER:**


**REQUEST FOR ADMISSION NO 18:**  Do you admit to the Judge and the jury, , under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4 that on September 16, 2016 Signature Flight Support Corporation received a call from Jarred Tate, from the scene of the accident and while in the course and scope of his employment with them, that he had struck a vehicle because he turned when unsafe?

**ANSWER:**


**REQUEST FOR ADMISSION NO 19:**  Do you admit to the Judge and the jury, , under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4 that Jarred Tate told the Investigating Police Officer that he "was not sure if he had a green turn left arrow" and proceeded through the intersection and struck the Plaintiff's vehicle on September 16, 2016?

**ANSWER:**


**REQUEST FOR ADMISSION NO 20:**  Do you admit to the Judge and the jury, , under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4 that Jarred Tate told the Plaintiff that he was sorry for causing the collision on September 16, 2016?

**ANSWER:**

<u>**REQUESTS FOR PRODUCTION TO SIGNATURE FLIGHT SUPPORT CORPORATION**</u>

All documents within your possession, custody or control that evidence, constitute, pertain, relate or refer to any of the following:

<u>**REQUEST FOR PRODUCTION NO. 1: BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**</u>: Please produce a copy of the title to the vehicle in question, the purchase invoice for same, and the maintenance records for same since January 1, 2004.

**RESPONSE:**

<u>**REQUEST FOR PRODUCTION NO. 2: BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**</u>: : Please produce digital photographs in JPG format on a disk or email to James@Mazuca.com of:

(a) the vehicle involved in the incident made the basis of this lawsuit,
(b) the scene of the incident,
(c) any photograph of the Plaintiff,
(d) any reconstruction; and

All motor pictures, video, recordings, maps, drawings, charts, diagrams, surveys or other documents concerning the incident made the basis of this lawsuit, persons or objects involved, made before, at the time or after the time of the events in question, that you, your attorney or anyone your behalf, have or know of.

**RESPONSE:**

<u>**REQUEST FOR PRODUCTION NO. 3: BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**</u>: Please produced a copy of any DOCUMENT (for example, insurance bureau index reports) concerning claims for personal injuries made before or after in INCIDENT by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each **DOCUMENT**;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, **ADDRESS,** and telephone number of the **PERSONS** who has each **DOCUMENT.**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Please produce a copy of Jarred Tates' driver qualification(s) file for the past 5 years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Please furnish all medical records, reports, bills, and other written documents from all hospitals and/or physicians which have examined and/or treated the Defendant and/or the Plaintiff for any injuries which he/she may have received as a result of the incident made the basis of this suit or any prior or subsequent injury/condition.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Please furnish any and all documents concerning any criminal charges arising from the incident made the basis of this suit, the probation granted therefrom and/or any other felony conviction or probation.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Please furnish a copy of the cellular phone records that Jarred Tate possessed from September 16, 2016 to September 17, 2016. This request is to include the text of any messages sent and/or received.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Please produce a copy of every document that your expert witness(es) reviewed that were prepared by any of your consulting expert(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:  BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Produce all documents or tangible things that indicate any expert designated by this party is not qualified to render an expert opinion regarding the subject matter of his/her proposed testimony.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:  BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Produce all documents or tangible things which controvert and/or call into question the validity of any opinion rendered by any expert designated by this party.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:  BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Produce all medical record(s) and bill(s) of the Plaintiff(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:  BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Produce all document(s) received by you or your insurance company wherein someone is asserting a subrogation claim(s) or lien(s) on the liability policy proceeds involving this occurrence.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:  BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Produce all Deposition(s) by Written Questions in your possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:  BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** All documents that establish how prejudgment interest is to be calculated.

**RESPONSE:**

LIT.MMV.RENTAS.VICTORIA.PETITION.MVA      21

**REQUEST FOR PRODUCTION NO. 15:  BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**:  All documents that relate to Jarred Tate currently being on probation or have been convicted of a felony or a misdemeanor involving moral turpitude in the last ten years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:  BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**:  All documents that demonstrate any prior motor vehicle accidents that Jarred Tate was involved in the last ten years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:  BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**:  A copy of any petition that you have filed or has been filed against you in the last ten years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18  BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**: Please furnish any and all Mobile Data Terminal logs for Signature Flight Support Corporation's vehicle involving the collision in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:  BY WAY OF A REQUEST FOR PRODUCTION 8UNDER TEXAS RULES OF CIVIL PROCEDURE**: Please furnish any and all data from the "black box"/memory chip and/or any other operating data recording device from the vehicle involved in the collision to include a GPS system data from the vehicle for the day of the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:  BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**: Please produce a copy of Jarred Tates' personnel file, relating to his driving record, since January 1, 2016.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21:   BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**: Please produce all documents that demonstrate any prior motor vehicle accidents, that Jarred Tate was involved in the last ten years in a Signature Flight Support Corporation's vehicle.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22:   BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**: Please produce a copy of any petition that has been filed against you involving Jarred Tate within the last ten years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 23:   BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**: Please produce a copy of the Signature Flight Support Corporation.  Policy relating to testing for impairment, when a Signature Flight Support Corporation vehicle has caused serious bodily injury or death.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 24:   BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**: Please produce a copy of the Signature Flight Support Corporation's policy relating to the use of cellular phones while driving a Signature Flight Support corporation vehicle.

**RESPONSE:**

**XII.**
**(INTERROGATORIES, REQUESTS FOR PRODUCTION AND,**
**REQUESTS FOR ADMISSIONS TO JARRED TATE)**

NOW COMES the undersigned Plaintiff in the above styled and numbered cause, and files these First Set of Interrogatories, Requests for Production and Requests for Admissions, pursuant to the Texas Rules of Civil Procedure.

Pursuant to Rule 196.1 of the Texas Rules of Civil Procedure, Plaintiff serves this Request for Production upon Defendant(s). Defendant(s) is requested to respond fully, in writing, as required by Rule 196.3. The documents requested are to be produced at the offices of the Plaintiff's attorney at 430 W. Hildebrand Ave., San Antonio, Texas 78212.

Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby give(s) notice that the documents produced will be used in the trial and in any pretrial proceedings in this case.

**DEFINITIONS**

Document as used herein is defined under TEX.R.CIV.P. 192.3(b).

Please be advised that the following Interrogatories must be answered separately and fully in writing, by you, and under oath within thirty (30) days of receipt hereof, unless they were served with the citation, then the response shall be due fifty (50) days from receipt of the citation. In answering these interrogatories, please furnish all information available to you and any other

LIT.MMV.RENTAS.VICTORIA.PETITION.MVA     24

person acting on your behalf.  Such interrogatories are considered as continuing, and you are requested to provide by way of supplemental answers hereto any additional information that you or any of the persons acting on your behalf hereafter obtain which will augment or otherwise modify your answers below.  Such supplemental answers are to be served upon the undersigned upon receipt of such additional information.  Plaintiff(s) also advises that any and all interrogatories, answers, and supplemental information may be offered in evidence at the trial of this lawsuit.

The Plaintiff, in order to simplify the issues for the consideration of the Court and the jury, makes the following request for admissions of facts under the Texas Rules of Civil Procedure, and demands that, within thirty (30) days after the service of these requests, unless they were served with the citation, then the response shall be due fifty (50) days from receipt of the citation, Defendant or its attorney admit under oath or deny under oath the following facts, and demands that each fact set forth be specifically admitted or denied.  The Defendant is here advised that a failure to specifically answer any request will be taken as an admission of the truth of the request.

Interrogatories, Requests for Disclosure, Requests for Production and Requests for Admissions are as follows:

LIT.MMV.RENTAS.VICTORIA.PETITION.MVA     25

## I N T E R R O G A T O R I E S

**INTERROGATORY NO. 1:**    State your full legal name, address, including street address, apartment number (if applicable), city, state, zip code, date of birth, email address, any other names you have used in the past and who has helped you answer this interrogatory.

**ANSWER:**


**INTERROGATORY NO. 2:**    After making a diligent inquiry of all the incidents that took place as a result of the occurrence in question, please state in detail the manner in which you assert the incident occurred, specifying the speed, position, direction, and location of each vehicle involved during its approach to, at the time of, and immediately after the collision, including street names, and block numbers and sequential order of events.

**ANSWER:**


**INTERROGATORY NO. 3:**    Please state completely and fully all representations, statements, declarations or admissions made by the Plaintiff or any agents, servants or employees of the Plaintiff which you maintain are relevant to this lawsuit.

**ANSWER:**


**INTERROGATORY NO. 4:**  Does the Defendant contend that the damages made the basis of Plaintiff's claim are caused by any preexisting or subsequent disease, injury or bodily condition or any combination thereof?  If yes, state fully each condition and the approximate date or dates such condition first occurred and the cause thereof.

**ANSWER:**

**INTERROGATORY NO. 5:**  Please state if you have been advised that your insurance company is denying coverage, asserting an exclusion in your policy, denying you representation, or defending this case conditionally or on reservation of rights.  If yes, please explain in detail.

**ANSWER:**

**INTERROGATORY NO. 6:**  Please state the date you received written notice of Plaintiff's claim.

**ANSWER:**

**INTERROGATORY NO. 7:**  If this Defendant contends that there was any comparative responsibility on the part of the Plaintiff, please describe such.

**ANSWER:**

**INTERROGATORY NO. 8:** Pursuant to Rule 609(f) of the Texas Rules of Civil Evidence, if you intend to use evidence of any conviction at the trial of this case against any party or witness, please state the name, address and telephone number of the party or witness against whom you intend to use the evidence of a conviction and then please generally state the offense committed, the disposition of the offense, the county in which the offense occurred and general description of the punishment.

**ANSWER:**

**INTERROGATORY NO. 9**: Please identify your trial witnesses.

**ANSWER:**

**INTERROGATORY NO. 10:**    Indicate,  with  respect  to any expert designated by this party, whether you intend to challenge the expert's qualifications or the validity of the expert's opinions pursuant to the holdings of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), E.I. du Pont Nemours v. Robinson, 923 S. W. 2d 549 (Tex. 1996), Gammill v. Jack Williams Chevrolet, Inc., 972 S.W. 2d 713 (Tex. 1998) or Tex. R. Evid. 702. As part of your answer state the legal, factual and/or scientific basis of the challenge.
**ANSWER:**

**INTERROGATORY NO. 11:** Please explain to the Judge and the jury why the vehicle you were driving struck Plaintiff's vehicle September 29, 2016.

**ANSWER:**

**INTERROGATORY NO. 12:** Please list the name and quantity of all prescription medication, nonprescription medication, alcohol and other drugs taken 48 hours before the collision in question occurred.

**ANSWER:**

_____
**JARRED TATE**

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF BEXAR** | § |

BEFORE ME, the undersigned authority, on this day personally appeared he, who being by me duly sworn upon oath stated that he is the person in the above-styled and numbered cause, that he has read the foregoing and knows the contents thereof, and that the same is true and correct to the best of his knowledge.

SWORN TO AND SUBSCRIBED BEFORE ME, on this the _____ day of _____, 2017.

_____
**NOTARY PUBLIC, STATE OF TEXAS**

## A D M I S S I O N S

**REQUEST FOR ADMISSION NO 1:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that all proper, necessary, permissible and indispensable parties have been joined in this cause?

ANSWER:


**REQUEST FOR ADMISSION NO 2:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that all parties in this cause have been correctly named?

ANSWER:


**REQUEST FOR ADMISSION NO 3:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that the vehicle you were driving struck the Plaintiff's vehicle on September 16, 2016?

ANSWER:


**REQUEST FOR ADMISSION NO 4:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that the Plaintiff sustained an injury on September 16, 2016?

ANSWER:


**REQUEST FOR ADMISSION NO 5:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that you were negligent in allowing your vehicle to strike the Plaintiff's vehicle on September 16, 2016?

ANSWER:


**REQUEST FOR ADMISSION NO 6:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that you failed to control your speed on September 16, 2016 when the collision occurred?

**ANSWER:**


**REQUEST FOR ADMISSION NO 7:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that your failure to keep a proper lookout was the proximate cause of the collision on September 16, 2016?

**ANSWER:**


**REQUEST FOR ADMISSION NO 8:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that your failure to keep a proper lookout was the cause of the collision on September 16, 2016?

**ANSWER:**


**REQUEST FOR ADMISSION NO 9:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that your failure to keep your vehicle under proper control was the proximate cause of the collision on September 16, 2016?

**ANSWER:**

**REQUEST FOR ADMISSION NO 10:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that your failure to keep your vehicle under proper control was the cause of the collision on September 16, 2016?

**ANSWER:**


**REQUEST FOR ADMISSION NO 11:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that your negligence was the cause of Plaintiff's neck injury on September 16, 2016?

**ANSWER:**

**REQUEST FOR ADMISSION NO 12:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that your negligence was the cause of Plaintiff's back injury on September 16, 2016?

**ANSWER:**

**REQUEST FOR ADMISSION NO 13:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4 that you were in the course and scope of your employment with Signature Flight Support Corporation when the collision occurred on September 16, 2016?

**ANSWER:**

**REQUEST FOR ADMISSION NO 14:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that you were in the course and scope of your employment with Signature Flight Support Corporation when the collision occurred on September 16, 2016?

**ANSWER:**

**REQUEST FOR ADMISSION NO 15:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that you were not administered a breath test for intoxication on September 16, 2016 after the accident with the Plaintiff?

**ANSWER:**

**REQUEST FOR ADMISSION NO 16:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that a blood specimen of Jarred Tate was not drawn on September 16, 2016 for impairment, after the accident with the Plaintiff?

**ANSWER:**

**REQUEST FOR ADMISSION NO 17:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4, that Jarred Tate told the Plaintiff that he was sorry for causing the accident on September 16, 2016 ?

**ANSWER:**


**REQUEST FOR ADMISSION NO 18:** Do you admit to the Judge and the jury, , under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4 that Jarred Tate called Signature Flight Support Corporation from the scene of the accident to report that he was involved in a collision?

**ANSWER:**


**REQUEST FOR ADMISSION NO 19:** Do you admit to the Judge and the jury, under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4 that Jarred Tate called Signature Flight Support Corporation from the scene of the accident and advised them that he had struck a vehicle and that he did not know if he had a green turn left arrow on September 29, 2016 when the collision occurred?

**ANSWER:**


**REQUEST FOR ADMISSION NO 20:** Do you admit to the Judge and the jury, , under penalty of a re-allocation of expenses under Tex. R. Civ. P. 215.4 that you told the Investigating Police Officer that you did not know if you had the green turn left arrow when you proceeded through the intersection on September 29, 2016 when the collision occurred?

**ANSWER:**

## REQUESTS FOR PRODUCTION

**All documents within your possession, custody or control that evidence, constitute, pertain, relate or refer to any of the following:**

**REQUEST FOR PRODUCTION NO. 1:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Please produce a copy of the title to the vehicle you were driving at the time in question and a copy of your driver's license.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** : Please produce digital photographs in JPG format on a disk or email to James@Mazuca.com of:

(a)   the vehicle involved in the incident made the basis of this lawsuit,
(b)   the scene of the incident,
(c)   any photograph of the Plaintiff,
(d)   any reconstruction; and

All motor pictures, video, recordings, maps, drawings, charts, diagrams, surveys or other documents concerning the incident made the basis of this lawsuit, persons or objects involved, made before, at the time or after the time of the events in question, that you, your attorney or anyone your behalf, have or know of.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER, TEXAS RULES OF CIVIL PROCEDURE:** Please produce a copy of any contract of employment that would govern any relationship with any other party or bear on this issue of employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:**  Please furnish all medical records, reports, bills, and other written documents from all hospitals and/or physicians which have examined and/or treated the Defendant and/or the Plaintiff for any injuries which he/she may have received as a result of the incident made the basis of this suit or any prior or subsequent injury/condition.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**  **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:**  Please furnish any and all documents concerning any criminal charges arising from the incident made the basis of this suit, the probation granted therefrom and/or any other felony conviction or probation.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**  **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:**  Please furnish any and all data from the "black box"/memory chip from the vehicle involved in the accident.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**  **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:**  Please furnish a copy of your cellular/car phone records for the date of the collision. This is to including the text of any messages sent or received.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:**  **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Please produce a copy of every document that your expert witness(es) reviewed that were prepared by any of your consulting expert(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**: Please produce all documents or tangible things that indicate any expert designated by this party is not qualified to render an expert opinion regarding the subject matter of his/her proposed testimony.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**: Please produce all documents or tangible things which controvert and/or call into question the validity of any opinion rendered by any expert designated by this party.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**: Please produce all document(s) received by you or your insurance company wherein someone is asserting a subrogation claim(s) or lien(s) on the liability policy proceeds involving this occurrence.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**: Pursuant to T.R.C.P. 203.3(c) Please to Produce a copy of the original Deposition(s) by Written Questions, and oral depositions in your possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE**: Please produce all documents that establish how prejudgment interest is to be calculated.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Please produce all documents that relate to any attempt to suspend your driving privilege in the last ten years.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER, TEXAS RULES OF CIVIL PROCEDURE:** Please produce all documents that relate to you currently being on probation or have been convicted of a felony or a misdemeanor involving moral turpitude in the last ten years.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 16:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Please produce all documents that demonstrate any tickets for a moving violation in the last ten years.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 17:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Please produce all documents that demonstrate any prior motor vehicle accidents that you were involved in the last ten years.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 18:** **BY WAY OF A REQUEST FOR PRODUCTION UNDER TEXAS RULES OF CIVIL PROCEDURE:** Please produce a copy of any petition that you have filed or has been filed against you in the last ten years.

RESPONSE:

## XIII.
### (AUTHENTICATION OF PRODUCTION)

Pursuant to T.R.C.P. 193.7, Plaintiff hereby gives written notice that documents produced in response to a Request For Production will be used in all pretrial proceedings and at the trial of this case.

### XIV.

### (T.R.E. 609(f))

Pursuant to T.R.E.609(f), that Plaintiff hereby requests from the Defendant advanced, written notice of the intent to use impeachment evidence of conviction of a crime(s) of the Plaintiff the Plaintiff's spouse, and/or of any witness(es) in this case.

### XV.

### (PREJUDGMENT INTEREST)

Plaintiff also specifically pleads for prejudgment interest as prescribed by law on damages that have been accrued by the time of the judgment.

### XVI.

### (MEDIATION)

Pursuant to the Bexar County Local Rules, Plaintiff hereby makes demand for referral to Mediation.

### XVII.

### (PRAYER)

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that

LIT.MMV.RENTAS.VICTORIA.PETITION.MVA    38

Defendant(s) be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff recover(s) the following:

a.   Judgment against Defendant(s) for actual damages in an amount in excess of the minimum jurisdictional limits of the Court;

b.   Prejudgment interest, at the legal rate on damages that have been accrued by the time of judgment;

c.   Interest after judgment at the legal rate per annum until paid;

d.   Cost of suit; and,

e.   Such other relief, both general and special, legal and equitable, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**LAW OFFICES OF JAMES V. MAZUCA & ASSOCIATES**

By: /S/MARGARET M. VERA
**MARGARET M. VERA**
S.B.N.#20546750
430 West Hildebrand Ave.
San Antonio, Texas 78212
(210) 735-4878
(210) 737-1459(facsimile)
james@mazuca.com
margievera@yahoo.com
**ATTORNEY FOR PLAINTIFF(S)**